# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 25-CV-4644 (RER) (CHK)

*JONDA BREWINGTON AND*
*TRAVIS HARRISON*

VERSUS

*SUPPORT MAGISTRATE SUDEEP KAUR,*
*JUDGE FASSLER, REFEREE MORIBER,*
*MANUAL MOSES, ESQ., JUDGE*
*CONNIE GONZALEZ, COURT OFFICER,*
*PART 24, NEW YORK CITY OFFICE OF*
*CHILD SUPPORT SERVICES, NEW YORK*
*STATE OFFICE OF TEMPORARY AND*
*DISABILITY ASSISTANCE, DIVISION OF*
*CHILD SUPPORT SERVICES, OCA*
*OFFICE OF COURT ADMINISTRATION,*
*OFFICE OF STATE COMPTROLLER,*
*STATE OF NEW YORK, QUEENS COUNTY*
*FAMILY COURT, KINGS COUNTY FAMILY*
*COURT, JOHN AND JANE DOES 1-20*

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

On August 21, 2025, plaintiffs Jonda Brewington ("Brewington") and Travis Harrison, appearing *pro se*, filed this action pursuant to, *inter alia*, 42 U.S.C. § 1983 and 18 U.S.C. § 1964, against defendants arising from child support orders issued by Family Court. (ECF No. 1). Plaintiffs also filed a proposed order to show cause for preliminary injunction and temporary restraining order. (ECF No. 2). The Court grants plaintiffs' *in*

1

*forma pauperis* ("IFP") applications pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order.[1]  (ECF Nos. 5, 6).

As discussed below, the proposed order to show cause is denied and the complaint is dismissed with leave to amend by September 26, 2025.

## BACKGROUND

Plaintiffs' 128-page complaint, including exhibits, seeks the Court's intervention in the Family Court proceeding concerning Brewington's child support obligations. (*See generally* Compl., ECF No. 1).  Brewington further alleges that she was subjected to garnishment "even while a modification proceeding was pending." (*Id.* at 4).  Brewington "sought recusal of Support Magistrate Kaur for conflict and bias [and] requested transfer enforcement to Kings County, and asked for judicial review. Objections and motions were intercepted, suppressed, mislabeled, or denied without addressing the merits." (*Id.* at 4). Brewington alleges that she is to return to Family Court on either August 22, 2025 or August 26, 2025. (*Id.* at 5).  There are no facts alleged in the complaint that are personal to plaintiff Travis Harrison, Brewington's 18-year-old son.

Plaintiffs also filed a proposed 76-page order to show cause for a preliminary injunction and temporary restraining order seeking to enjoin defendants from "[c]ontinuing to garnish [Brewington's] wages," "[i]ssuing or enforcing any support orders," "[d]estroying, modifying or withholding records relevant to [Brewington's] Family Court case," "[r]etaliating against [Brewington]," [d]enying [Brewington's motions or OTSCs without proper finds of fact or due process review," and for "this Court to issue a temporary

---

[1] The Court notes that Brewington's IFP application is incomplete as she indicates that she is employed but does not state how often she is paid (*e.g.*, weekly, biweekly) or provide her employer's name and address. (ECF No. 5 at 1).  Should plaintiffs file an amended complaint, Brewington will be required to file a long-form IFP application with the amended complaint.

2

restraining order prohibiting any further hearings or enforcement proceedings in Queens Family Court." (ECF No. 2 at 1–2).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, when a plaintiff seeks to proceed *IFP*, that is, without paying the filing fee, the court must dismiss the action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction

is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## **DISCUSSION**

It is well-settled that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013).  Thus, the domestic relations abstention doctrine in federal question cases requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues.  *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).  Here, the claims for which plaintiffs seek relief, no matter how they attempt to frame them, arise directly from the child support action in Family Court, and thus, the Court lacks subject matter jurisdiction over this matter. *See Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019).  Therefore, the complaint seeking the Court's intervention in an ongoing Family Court child support action is dismissed in its entirety without prejudice for lack of subject matter jurisdiction.[2]

In addition, plaintiffs cannot seek relief under Title 18 of the United States Criminal Code.  (ECF No. 1 at 3, seeking relief under 18 U.S.C. §§ 241, 242, 287, 1341, 1343).

---

[2] Plaintiffs also cannot seek injunctive relief in this ongoing child support action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) (federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances)*; see also Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (extending *Younger* to state criminal prosecutions, civil enforcement proceedings and civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts."); *Masri v. Liebowitz*, No. 24-cv-1284 (LTS), 2024 WL 1639904, at *6–7 (Apr. 15, 2024) (collecting cases) (applying *Younger* to pending state court child-custody, child-support and/or divorce proceedings).  Here, plaintiffs' allegations do not rise to the level of the special circumstances necessary to warrant intervention in the pending Family Court child support action.

"As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006).

To the extent the Racketeering Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, allows for a private right of action, plaintiffs fail to state a plausible claim under RICO.

Plaintiffs also fail to state a plausible claim under 42 U.S.C. § 1983 against the defendants. The judicial officers are entitled to absolute immunity from suit for judicial acts performed in their judicial capacities, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages."); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978), and extends to Family Court Support Magistrates and Referees. *Dieujuste v. Sin*, 731 F.Supp.3d 440, 447–48 (E.D.N.Y. Apr. 26, 2024) (Support Magistrate); *Witcher v. Moriber*, No. 21-CV-6168 (LDH) (PK), 2022 WL 1085297, at *2 (E.D.N.Y. Apr. 11, 2022) (Family Court Referee). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356).

To the extent Manuel Moses is an attorney, he cannot be sued under Section 1983. *Manko v. Steinhardt*, No. 11-CV-5430, 2012 WL 213715 (KAM) (LSB), at *4 (E.D.N.Y. Jan. 24, 2012) (citing *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney not a state actor)); *see also Licari v. Voog,* 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys – even if the attorney was court-appointed – are not state actors for purposes of § 1983 claims").

5

The New York City Office of Child Support Services is not a suable entity pursuant to Section 396 of the N.Y. City Charter Ch. 17, which has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Johnson v. Dobry,* 660 F. App'x 69, 72 (2d Cir. 2016) (citing N.Y. City Charter ch. 17, § 396, which states that actions must be brought against the City of New York, not an agency).

The New York State Office of Temporary and Disability Assistance, Division of Child Support Services, the Office of Court Administration, the Office of the State Comptroller, the State of New York, the Queens County Family Court, and the Kings County Family Court are all immune from suit under the Eleventh Amendment. "Absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). The Eleventh Amendment bars such a federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984*); State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007). Although Congress has the power to abrogate state sovereign immunity, "Congress has not abrogated sovereign immunity for Section 1983 claims . . ., and New York has not waived it." *Hahn v. New York*, 825 F. App'x 53, 54 (2d Cir. 2020); *see Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *1-2 (2d Cir. Jan. 29, 2024); *Grijalva v. Coward*, No. 24-CV-6365 (NJC) (ST), 2024 WL 5057652, at *3–4 (E.D.N.Y. Dec. 9, 2024) (finding that OTDA and Suffolk County Family Court are immune under Eleventh Amendment); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (finding that "the New York State Unified Court System is unquestionably an arm of the State and is entitled to

6

Eleventh Amendment sovereign immunity" (internal quotation marks omitted)); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010), *aff'd*, 434 F.App'x 32 (2d Cir. 2011) (applying New York's sovereign immunity to Kings County Family Court). The exception articulated in *Ex parte Young*, 209 U.S. 123, 155–56 (1908), does not apply because plaintiffs have not sued any state officials for prospective injunctive relief. Therefore, plaintiff's Section 1983 claims against these defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### PLAINTIFFS' PROPOSED ORDER TO SHOW CAUSE

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90, 128 S.Ct. at 2218–19 (2008)). "[T]he traditional standards which govern consideration of an application for a temporary restraining order … are the same standards as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n AFL-CIO v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992). In the Second Circuit, district courts generally may grant preliminary injunctions and temporary restraining orders when the plaintiff shows: (1) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) "[plaintiff] is likely to suffer irreparable injury in the absence of an injunction"; (3) the "balance of hardships between the plaintiff and defendant…tips in the plaintiff's favor"; and (4) the "public interest would not be disserved by the issuance of a preliminary injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (cleaned up).

As set forth above, Plaintiff has failed to show a likelihood of success on the merits or sufficiently serious questions going to the merits and therefore has not made the requisite showing for emergency injunctive relief.

Furthermore, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 630 (1977). Accordingly, courts in this Circuit have held that the Anti-Injunction Act bars a federal court from enjoining family court proceedings.[3] *See Lin v. Shim*, No. 25 Civ. 1367, 2025 WL 642249, at *6 (S.D.N.Y. Feb. 27, 2025) (denying order to show cause seeking a preliminary injunction and temporary restraining order seeking federal court's intervention in Family Court action); *Stroutsovsky v. Brik*, No. 23-CV-9364, 2024 WL 760847 (AMD) (LSB), at *2 (E.D.N.Y. Jan. 18, 2024) (remanding to Family Court action seeking to stay ongoing state court proceedings pursuant to Anti-Injunction Act).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, and because it seeks damages against defendants who are immune. 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs' proposed order to show cause seeking a preliminary injunction and temporary restraining order is denied. (ECF No. 2). Plaintiffs' motion seeking permission to e-file via the Court's electronic filing system ("CM/ECF") is denied. (ECF No. 2-1).

---

[3] While claims brought pursuant to 42 U.S.C. § 1983 are exempt from the Anti-Injunction Act, plaintiffs have failed to allege a plausible § 1983 claim as set forth above.

In light of plaintiffs' *pro se* status and in an abundance of caution, the Court grants plaintiffs until September 26, 2025 to file an amended complaint that alleges a plausible basis for the Court's subject matter jurisdiction.

If plaintiffs choose to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-4644 (RER) (CHK). Plaintiff Brewington must also file a long-form IFP application at the same time the amended complaint is filed or the Court will not consider the amended complaint.

In the amended complaint, each named Plaintiff must provide the date and location for each relevant event and provide a short plain statement of the relevant facts supporting each claim against each named Defendant. However, for the reasons set forth above, the Court does not have jurisdiction to intervene or enjoin any ongoing Family Court proceeding or to modify any child support orders entered by the Family Court.

The amended complaint shall replace, not supplement, the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. If plaintiffs fail to file an amended complaint within the time allowed or fail to show good cause for an extension of time, the Court shall direct the Clerk of Court to enter judgment and close this case. The amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff Brewington's long-form IFP application shall also be reviewed and her IFP status may be revoked if the Court determines based on the information provided that she does not qualify for IFP status.

Although Plaintiff Brewington has consented to electronic notification of the Court's orders, the Clerk of Court is respectfully directed to also mail a copy of this Memorandum

and Order along with a general complaint form to plaintiffs and a long-form IFP application for plaintiff Brewington and to note the mailing on the docket.

Plaintiffs may seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ RAMÓN E. REYES, JR.
RAMÓN E. REYES, JR.
United States District Judge

Dated: August 27, 2025
       Brooklyn, NY