UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━

№ 25-CV-4644 (RER) (CHK)

━━━━━━━━━━━━━━━━━━━━━

JONDA Y. BREWINGTON AND TRAVIS HARRISON

VERSUS

SUPPORT MAGISTRATE SUDEEP KAUR ET AL.

━━━━━━━━━━━━━━━━━

**MEMORANDUM & ORDER**

━━━━━━━━━━━━━━━━━

**RAMÓN E. REYES, JR., District Judge:**

On August 21, 2025, plaintiffs Jonda Y. Brewington and Travis Harrison ("Plaintiffs"), appearing *pro se*, filed this action pursuant to, *inter alia*, 42 U.S.C. § 1983 and 18 U.S.C. § 1964, against defendants Support Magistrate Sudeep Kaur, Judge Fassler, Referee Moriber, Esq. Manuel Moses, Judge Connie Gonazalez, Court Officer, Part 24, New York State Office Of Child Support Services, OCA Office Of Court Administration, Office of State Comptroller, State of New York, Queens County Family Court, Kings County Family Court, John And Jane Does 1-20, Jessica Suazo, Keisha Kearse, Celine Gonzalez, Kevin Hartje, Nadine Kearney, and Denard Harrison ("Defendants"), arising from child support orders issued by the Queens County Family Court. (Compl., ECF No. 1). Plaintiffs also filed a proposed order to show cause for preliminary injunction and temporary restraining order. (ECF No. 2).

By Order dated August 27, 2025, the Court granted Plaintiffs' *in forma pauperis* ("IFP") applications pursuant to 28 U.S.C. § 1915(a) solely for the purpose of the Order,

1

[1] denied Plaintiffs' proposed order to show cause and dismissed the Complaint with leave to amend by September 26, 2025. (Mem. & Ord., ECF No. 7).  On September 26, 2025, Plaintiff Brewington filed a long-form IFP application,[2] (Long-Form IFP, ECF No. 8) and an unsigned amended complaint as the sole Plaintiff, (ECF No. 9).  On October 6, 2025, Plaintiff filed a signed amended complaint.  (Signed Am. Compl., ECF No. 11).

Plaintiff's long-form IFP application is granted pursuant to 28 U.S.C. § 1915(a). The amended complaint is dismissed as set forth below.

## BACKGROUND

Plaintiff brings this action against Family Court judges and employees of the Family Court, her former attorney, employees of the New York City Office of Child Support Services, the payroll officer for the Office of Court Administration and Denard Harrison, her son's father. Plaintiff alleges civil rights violations pursuant to 42 U.S.C. § 1983 and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, based on Family Court proceedings and child support enforcement. (*See generally* signed Am. Compl., ECF No. 11). Plaintiff seeks declaratory relief and over $15 million in damages. (*Id.* at 11).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[1] The Court noted that Jonda Brewington's IFP application was incomplete because she failed to identify her employer and the frequency of her salary. (IFP, ECF No. 5 at 1).

[2] Brewington's long-form IFP sets forth her employer and monthly salary. (Long-Form IFP, ECF No. 8 at 1-2).  Brewington also states that she is currently on "unpaid leave." (*Id.* at 5).

that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, when a plaintiff seeks to proceed *in forma pauperis*, that is, without paying the filing fee, the court must dismiss the action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

I.   Section 1983

Plaintiff's complaint alleging constitutional violations cannot proceed for the reasons set forth below. Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted).

In order to maintain a Section 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Id.* at 127.

As set forth in the Court's prior Order, this action cannot proceed against Family Court Judge Elizabeth Fassler, Support Magistrate Sudeep Kaur, and Referee Marilyn J. Moriber. These judicial officers are entitled to absolute immunity from suit for judicial acts performed in their judicial capacities, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978), and extends to Family Court Support Magistrates and Referees. *Dieujuste v. Sin*, 731 F.Supp.3d 440, 447–48 (E.D.N.Y. Apr. 26, 2024) (Support Magistrate); *Witcher v. Moriber*, No. 21-CV-6168 (PKC), 2022 WL 1085297, at *2 (E.D.N.Y. Apr. 11, 2022) (Family Court Referee). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of

immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11 (quoting *Stump*, 435 U.S. at 356). Thus, Plaintiff's Section 1983 claims against these Defendants are again foreclosed by absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

Similarly, Plaintiff's claims against Jessica Suazo and Keisha Kearse, employed by the Family Court, also cannot proceed. Absolute immunity extends to court clerks who perform tasks "'which are judicial in nature and an integral part of the judicial process.'" *Proctor v. Quinn*, No. 19-CV-0833 (PKU) (LB), 2019 WL 692935, at *2 (E.D.N.Y. Feb. 19, 2019) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)); *see also Raghubir v. Cogan*, No. 21-CV-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022) ("Clerk's Office staff members who allegedly refused Plaintiff's submissions are also absolutely immune from [suit]"); *Lewis v. Wolfe*, No. 21-CV-6949, 2021 WL 4865317, at *2 (S.D.N.Y. Oct. 14, 2021) ("court clerks 'are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" (quoting *Garcia v. Hebert*, No. 08-CV-0095 (LTS), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013)); *Pikulin v. Gonzalez*, No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents"). Thus, Plaintiff's Section 1983 claims against these Defendants are also foreclosed by absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

In addition, the Section 1983 claims cannot proceed against Denard Harrison, a private individual, and Manuel Moses, Plaintiff's former attorney. "Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting under 'color of state law.'" *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014); *see also*

5

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiff does not allege facts to show that Denard Harrison acted under color of state law. Furthermore, attorneys are not state actors. *Manko v. Steinhardt*, No. 11-CV-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citing *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975) (private attorney not a state actor)); *see also Licari v. Voog,* 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys – even if the attorney was court-appointed – are not state actors for the purposes of § 1983 claims"). Thus, Plaintiff's Section 1983 claims against these Defendants are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Although the remaining Defendants – Celine Gonzalez and Kevin Hartje, employed the Office of Child Support Services (OCSS), and Nadine Kearney, employed by the Office of Court Administration (OCA) – are considered state actors, the claims cannot proceed against these Defendants because they are related to the enforcement of child support obligations. Plaintiff alleges that Gonzalez "processed and issued notices, misrepresented payment histories and facilitated improper garnishment," that Hartje "allowed misappropriation of garnished wages and falsified arrears balances," and that Kearney "processed illegal garnishments against Plaintiff's wages based on void or fraudulent orders." (Signed Am. Compl. at 5).

As set forth in the Court's prior Order, the Court lacks subject matter jurisdiction over the calculation or enforcement of child support. The domestic relations abstention doctrine in federal question cases requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues. *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019); *Bey v. Furman,* No. 21-CV-4090, 2021 WL 3725987, at *4 (E.D.N.Y. Aug. 23,

6

2021) (court must abstain from exercising its federal-question jurisdiction over plaintiff's child support determinations and enforcement); *Legister v. Radowitz*, No. 20 Civ. 9330, 2020 WL 7405672, at *4 (S.D.N.Y. Dec. 16, 2020) ("this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement."). Therefore, the Court cannot consider any claims against these Defendants which relate to garnishment of Plaintiff's wages to satisfy child support obligations and these Defendants must also be dismissed pursuant to Fed. R. Civ. P. 12(h) and 28 U.S.C. § 1915(e)(2)(B).

    II.    <u>Civil RICO and Title 18</u>

Plaintiff also fails to state a plausible RICO claim or any other sections of the United States Criminal Code ("Title 18"). Plaintiff attempts to couch the Family Court child support proceedings as predicate acts of racketeering activity, asserting that the Family Court Orders amounted to, *inter alia*, mail fraud, wire fraud, and extortion. (Signed Am. Compl. at 6–10). Plaintiff has not alleged any facts to show that she has a valid and cognizable RICO claim and thus lacks RICO standing to bring a claim under the statute. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("RICO standing is a more rigorous matter than standing under Article III."); *Masri v. Liebowitz*, No. 24 Civ. 1284 (LTS), 2024 WL 1639904, at *7 (S.D.N.Y. Apr. 15, 2024) (dismissing civil RICO claims against Family Court judges and proceedings). In addition, Plaintiff cannot seek relief under other provisions of Title 18 of the United States Criminal Code. (*See* Signed Am. Compl. at 3, seeking relief under 18 U.S.C. sections 241, 242, 287, 1341, 1343.) "As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006). Plaintiff's civil RICO claims and Title

18 claims are dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

## **CONCLUSION**

Accordingly, Plaintiff's signed Amended Complaint, filed *in forma pauperis*, is dismissed with prejudice for lack of subject matter jurisdiction based on the domestic relations abstention doctrine, *see* Fed. R. Civ. P. 12(h)(3) and also for failure to state a claim and because it seeks damages against Defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court declines to allow further amendment as it would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Haynes v. Foschio*, No. 21-1767, 2022 WL 433337, at *2 (2d Cir. Feb. 14, 2022).

The Clerk of Court is respectfully directed to enter judgment and close this case.

Although Plaintiff has consented to electronic notification of the Court's Orders, the Clerk of Court is also directed to mail a copy of this Memorandum and Order to Plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. section 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/RAMÓN E. REYES, JR.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: October 16, 2025
Brooklyn, New York